## STATE v HARDIN

Ohio Appeals, 2nd Dist, Madison Co.

No. 146.   Decided March 28, 1940.

D. H. Jackson, Prosecuting Attorney, London, for plaintiff-appellee.

D. M. Richmond, London; Crabbe & Tootle, London, for defendant-appellant.

### OPINION

By GEIGER, J.

This cause is before us upon appeal from the judgment of the Court below based upon verdict returned by the jury, finding the defendant guilty of the offense of attempting to commit rape.

The defendant was indicted and tried on five counts. First count—that on June 15, 1934, he raped the prosecuting witness, she being then under the age of twelve years, to-wit, the age of ten years. Second count—that defendant on June 20, 1939, being then of the age of sixty-three years, did carnally know the prosecuting witness with her consent, she being then under sixteen years of age. Third and fourth counts are identical with the second count, with the exception of the dates. Fifth count is to the effect that the defendant being the paternal grandfather of the prosecuting witness did commit adultery with her on the 8th day of August, 1939.

Trial was had before a jury, which found the defendant not guilty of the several counts of the indictment, but as to the second, third and fourth counts—not guilty as charged, but guilty of an attempt to commit the offense.

Appeal was had to this court, and the defendant-appellant filed a paper designated "Petition in Error", which we shall consider as an assignment of errors, to the effect that the verdict is contrary to the evidence and law, and not sustained thereby, and that the Court erred in its charges to the jury and in refusal to grant a new trial, and finally that the jury found the defendant not guilty of the charges contained in each of the five counts, but found him guilty of an attempt to rape with consent, and that no charge of attempt to rape with consent is contained in said indictment.

The statutes involved are §12414 GC, which provides that whoever being eighteen years of age carnally knows and abuses a female under the age of sixteen, with her consent, shall be punished as therein provided.

Sec. 12415 provides that whoever being eighteen years of age attempts to carnally know and abuse a female under sixteen years of age with her consent, shall be punished as therein provided.

Sec. 13448-2 provides that a jury may find the defendant not guilty of the offense charged—but guilty of an attempt to commit it, if such an attempt is an offense at law.

The last assignment of error is that the jury found the defendant guilty of an attempt with consent, and that no charge of an attempt to rape with consent was contained in the indictment.

It is held in the case of State of Ohio v Baltimore, 90 Oh St 196, that:

"Where an indictment charges the offense of rape with consent under §12414 GC, the defendant may, under such indictment, be convicted of an attempt to commit the offense under §12415 GC."

It thus appears that it is not necessary to specifically indict the defendant for the offense of attempting to commit rape, it being proper to find the defendant guilty of the attempt under an indictment which charges that he committed the act.

It is, therefore, apparent to us that there could be no error arising from the fact that he was found guilty of an attempt where no charge of attempting to rape is contained in the indictment.

There is no necessity under the statute for a specific charge of the offense of attempting to commit the act, the jury being permitted to find the defendant not guilty as charged—but guilty of an attempt under §13448-2.

Therefore, the last assignment of error must fail.

It is further the contention of the appellant that there can be no conviction of an attempt to commit rape, without proof of intent to commit the crime of rape, it being claimed that the evidence submitted showed no intent to commit the act, it being urged that if the intent had been to commit rape the evidence of such fact would have been disclosed by a physical examination of the prosecuting witness.

It is claimed that to constitute an attempt there must be an intent to commit the act, and that the intent to commit the act is an essential element of the crime of attempt.

It is urged that the failure of the Court to charge that intent is necessary before a conviction could be had of the offense of attempting the act, was prejudicial error.

The critized charge of the Court is in substance, to constitute the offense of an attempt to commit the crime charged, there must have been some physical overt action to abuse the prosecuting witness, or to have intercourse with her, and that the attempt must have been such that if it had been consummated it would have constituted the crime.

It is further charged—

"In order to find the defendant guilty of an attempt to commit the crime charged in any of these three counts, you must be satisfied from the evidence, beyond a reasonable doubt, that the defendant did so attempt to carnally know and abuse the prosecuting witness with her consent * * *."

Appellant urges that the effect of the charge is that the physical act is sufficient to constitute an attempt, but it is urged that an attempt consists of two essentials; an intent to do the act partially completed in furtherance of that intention, and that the court should have so charged.

In other words, it is the claim of the appellant that the defendant may have been guilty of all the lascivious acts charged, but that unless he had the intent or purpose to actually consummate the act he could not have been guilty of an attempt, and that the fail-

ure of the Court to so charge was prejudicial error. (Citing **Miller v State, 125 Oh St 415,** to which may be added **Grossweiler v State, 113 Oh St 46).**

We are not without authority upon the point in question.

In **State v Baltimore, 90 Oh St 196,** it is held that in a case where the indictment charges rape, it is error for the court to refuse to charge that if the evidence fails to show that the defendant is guilty of the completed offense under §12414 GC, he may be convicted of an attempt to commit the offense. In that case the State requested the Court to give to the jury the following instruction—

"If you find from the evidence that the prosecutrix was a female under the age of sixteen years, and that the defendant, though he did not have intercourse with the prosecutrix. attempted to have such intercourse with the prosecutrix with her consent—then you may find him not guilty of rape, but guilty of an attempt to commit rape with consent."

The Court holds that under §12415 GC—

"An attempt to commit the offense defined in §12414 GC is an offense, and the jury under the provisions of §13692 (now §13448-2 GC), if the evidence justifies it, may, upon an indictment under §12414, find the defendant guilty of the offense defined by §12415. The State was, therefore, entitled to have the courts give the instruction which it requested and the court erred in its refusal."

It will be observed that the charge refused by the Court, and which refusal the Supreme Court holds to have been error, makes no reference to intent, and we may feel assured that if the charge requestd by the State and refused, was defective in such an important matter, that such defect would have been discovered either by counsel or by the Court.

In Weygandt's Ohio Charges—No. 2763, the following is stated as a proper charge:

"If you find from the evidence that the prosecutrix, T., was a female under the age of sixteen years, and that the defendant, B., though he did not have intercourse with the prosecutrix, attempted to have such intercourse with the prosecutrix with her consent, then you may not find him guilty of rape with consent—but guilty of an attempt to commit rape with consent."

Reference is made to **State v Baltimore, 90 Oh St 196.**

The authority referred to sets out further charges as to attempt to commit an act on page 543.

It is presumed that one ▬▬▬▬ intends the natural and probable consequence of his voluntary act.

We are further of opinion that if intent is an element of the offense of an attempt to commit rape it was by implication included in the charge as given. If the defendant committed the overt physical act upon the prosecuting witness to have intercourse with her, as the charge required the state to establish, can it be said that the intent to commit rape could have been lacking. The lay mind could not find these essential acts proven without including intent.

We arrive at the conclusion that the Court did not err in giving ▬▬▬▬ the charge as disclosed in the record.

It is also urged that the verdict is not supported by the evidence.

We have read the sordid record, and refrain from discussing the lecherous incidents disclosed, but are of the opinion that the testimony of the girl, if believed by the jury, amply supports the verdict.

The suggestion is also made that the evidence fails to disclose what may have been the reason for the defendant not having consummated the offense, but having desisted before its completion.

It is urged that if the defendant had

had contact with the girl on as many occasions as she ttestified to, the very fact that there had been no consummation as testified to by the doctor, would indicate that the defendant never entertained the intent to complete his act.

We think the testimony of the doctor discloses ample reasons why the defendant never succeeded in consummating the act.

It was for the jury to determine whether his actions were  sufficient to establish beyond a reasonable doubt that he had the purpose and intent of completing the very act which was forbidden by the statute.

Judgment of the Court affirmed. Cause remanded.

HORNBECK, PJ. & BARNES, J., concur.